UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Cr. No. 93-0365 (TFH) |
| DERRICK COOK, ) | |
| ) | |
| Petitioner. ) | |
| ) | |

FILED

AUG 2 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM OPINION

Pending before this Court is Petitioner's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Pet'r's Mot. for Reduction of Sentence ("Pet'r's Mot."). After careful consideration of Petitioner's motion, Government's opposition, Petitioner's reply thereto, as well as the entire record in this case, Petitioner's motion will be denied.

On October 18, 1993 and while on probation from a prior Superior Court conviction, Petitioner was arraigned in federal court and charged with one count of Unlawful Distribution of 50 Grams or More of Cocaine Base. A jury convicted Cook of that crime on February 28, 1994. Subsequently, on March 3, 1994, Superior Court Judge Robert Richter revoked Petitioner's probation and sentenced him to be incarcerated for two to six years. Gov't's Oppo. to Def.'s Mot. for Reduction of Sentence Pursuant to 18 U.S.C. §3582 (C)(2) at 3. On July 5, 1994, Petitioner was sentenced by United States District Court Judge Stanley Harris for the federal drug offense. At the time of sentencing, Petitioner had a category II criminal history and an offense level of 32. Id. at 2. Under the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"), this would yield a sentence range of 135-168 months. U.S.S.G. Sentencing Table

1

(1993). Pursuant to the enhanced penalties provided in 21 U.S.C. § 841(b)(1)(A)(iii), however, Petitioner was sentenced to 240 months imprisonment followed by 10 years of supervised release. Gov.'s Opp'n at 1. After being paroled from his Superior Court sentence on May 20, 1996, Petitioner began serving his District Court sentence in consecutive sequence. Id. at 3.

The Government claims that Petitioner's Superior Court and District Court sentences were not specifically imposed to run concurrently and so must run consecutively. Gov.'s Opp'n at 4; 18 U.S.C. § 3584(a) ("[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently"). Petitioner concedes that neither the District Court's nor the Superior Court's Judgement and Commitment Orders indicate that his sentences should be served consecutively. Pet'r's Resp. at 1. Cook contends, however, that Amendment 645[1] altered the Guidelines to provide that his District Court sentence should downwardly depart to account for his prior Superior Court probation revocation sentence. Pet'r's Resp. at 2. Petitioner further contends that U.S.C. § 3582(c) permits this Court to apply Amendment 645 retroactively to alter his District Court sentence by crediting it to have begun concurrently with his Superior Court sentence.[2] Id. at 2.

Petitioner misinterprets the aim of the downward departure provision of Amendment 645. Amendment 645 allows downward departure only for a prior, discharged imprisonment term that U.S.S.G. § 5G1.3(b) would have required to run concurrently had the term not yet been discharged. U.S.S.G. § 5G1.3, cmt. n.7 (2002) ("[i]n the case of a discharged term of

---

[1] Amendment 645 upon which Petitioner relies added note 7 to the Application Notes of U.S.S.G. § 5G1.3.

[2] Because the Court holds that Amendment 645 is not applicable to petitioner, the question of its retroactive application does not affect the Court's analysis of Petitioner's motion.

imprisonment, a downward departure is not prohibited if subsection (b) would have applied to that term of imprisonment had the term been undischarged."); see United States v. Balagula, 275 F. Supp. 2d 307, 308 (E.D.N.Y. 2003) (declining to apply Amendment 645 where the defendant's prior term of imprisonment was undischarged at the time of sentencing). Section 5G1.3(b), in turn, requires concurrent sentencing only where a new sentence would account for an offense that resulted in a prior, undischarged sentence. U.S.S.G. § 5G1.3(b) (2002) (where the offense giving rise to a defendant's undischarged term of imprisonment is "fully taken into account" by a new sentence, the new sentence must be imposed concurrently). In sum, where § 5G1.3(b) would require concurrent sentencing to avoid duplicative punishment, Amendment 645 analogously permits downward departure where sentencing would be duplicative of a prior, completed sentence.

As Petitioner's Superior Court revocation sentence was undischarged at the time of his District Court sentencing, the criteria of § 5G1.3(b) would have applied, if ever, at that time. Had the District Court determined Petitioner's federal sentence to be duplicative of his Superior Court sentence under the § 5G1.3(b) criteria, it would have necessarily imposed a concurrent or partially concurrent sentence at that time. The District Court, however, declined to apply § 5G1.3(b) or any other provision to specifically sentence petitioner concurrently. The District Court thereby imposed its sentence consecutively by operation of 18 U.S.C. § 3584(a). Now granting Petitioner a departure under Amendment 645 merely because he has since fulfilled his prior revocation sentence would thwart the District Court's sentencing determination.

In addition, U.S.S.G. § 5G1.3 specifically recommends consecutive sentencing in Petitioner's situation where a state parole revocation sentence precedes sentencing on federal

3

charges. U.S.S.G. § 5G1.3 n.4 (1993) ("[T]he sentence for the instant offense should be imposed to be served consecutively to the term imposed for the violation of probation, parole, or supervised release").[3]

Petitioner's claim is therefore without merit. Accordingly, the Court will deny Petitioner's motion. An appropriate order will accompany this Memorandum Opinion.

August 29, 2005

/s/
Thomas F. Hogan
Chief Judge

---

[3] The quoted provision derives from the application notes to U.S.S.G. § 5G1.3 in effect in 1994 at the time of Petitioner's sentencing. The recommendation has been cosmetically but not substantively altered since then and remains in effect. U.S.S.G. § 5G1.3 cmt. n.3(c) (2004) ("the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation").