UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                                  )<br>)  Criminal Case No. 93-365 (RCL)<br>DERRICK COOK,                           )<br>)<br>Defendant.              )<br>_____) | |

**FILED**

NOV 2 5 2008

Clerk, U.S. District and
Bankruptcy Courts

MEMORANDUM OPINION

I. INTRODUCTION

Now before the Court comes petitioner Cook's motion [88] to reduce his sentence. Upon consideration of the motion, the government's opposition [90], the petitioner's reply [92], the entire record herein, and applicable law, the motion will be DENIED.

II. FACTUAL AND PROCEDURAL BACKGROUND

On February 28, 1994, a jury convicted petitioner Cook of unlawful possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base ("crack"). (Def.'s Mot 1.) During sentencing, on July 5, 1994, Judge Harris determined that if the sentencing guidelines were to apply to Cook, his guideline range would be 135–168 months. (*Id.*) However, Judge Harris determined that because the evidence at trial showed that Mr. Cook was guilty of possessing with intent to distribute more than 50 grams of cocaine, and because he already had a felony drug conviction, he was subject to a statutory minimum sentence of 240

months.[1] *Id.*

Effective November 1, 2007, the United States Sentencing Commission amended and lowered the base offense levels by two points for offenses involving crack cocaine. U.S.S.G., Supplement to Appendix C, Amendments 706, 711 (Nov. 1, 2007). These amendments allow the Court to reduce the term of imprisonment imposed "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." 18 U.S.C. § 3582(c)(2).

Under the new sentencing guidelines calculation, Cook would be subject to a guidelines range of 108 to 135 months. Cook argues that during his original sentence Judge Harris "mistakenly believed" that Cook was subject to a statutory minimum when he in fact was not; therefore, applying the new guidelines range, as well as recognizing Judge Harris's mistaken belief, the Court should reduce his sentence under § 3582(c)(2) to a sentence of time served.[2]

For the reasons that follow, the Court rejects this argument and finds that it does not have power to modify Cook's sentence under § 3582(c)(2).

### III. <u>ANALYSIS</u>

The petitioner's argument proceeds as follows: the jury verdict form under which Cook was found guilty states only that he was convicted of unlawful possession with intent to distribute a mixture and substance containing a *detectable amount* of cocaine base; Judge Harris, however, sentenced Cook to 240 months because he erroneously believed that was the statutory

---

[1] 21 U.S.C. § 841(b)(1)(A).

[2] Cook has already served approximately 185 months of his original 240 months sentence.

minimum for Cook's offense; in actuality, there is no statutory minimum for possession with intent to distribute a detectable amount of cocaine base—the 240 month statutory minimum only applies to those who are convicted of possession with intent to distribute more than 50 grams of crack cocaine. As a result, petitioner argues, because the statutory minimum sentence was erroneously imposed, the general rule that the retroactive application of sentencing guidelines cannot alter a statutory mandatory minimum sentence does not apply. He should have been subject to the sentencing guidelines in the first instance he argues and, therefore, he is entitled to a reduction in sentence under § 3582(c)(2).

Petitioner's argument, while clever, is ultimately incorrect. The petitioner's motion rests upon a faulty assumption. Once that assumption is laid bare, the entire argument crumbles. The petitioner proceeds from the assumption that Judge Harris "mistakenly believed" that Cook was subject to a statutory minimum sentence at the time of conviction. In actuality, Judge Harris harbored no such mistaken belief, and Cook was sentenced in accordance with the law at that time.

Indeed, the jury form upon which Cook was convicted only stated that Cook was charged with intent to distribute a mixture and substance containing a *detectable amount* of cocaine base. (Ex. to Mot. to Reduce Sentence.) However, the transcript of Cook's sentencing reflects without a doubt Judge Harris's finding that the evidence at trial showed that 111 grams of cocaine base were attributable to Cook:

> THE COURT: Well, I believe the jury found that the 111 grams were possessed by Mr. Cook with intent to distribute. Certainly having heard the evidence, I have no trouble finding by a preponderance of the evidence for sentencing purposes, which is, as I understand it, that which I need to do, that is, that the 111 grams were possessed by him with intent to distribute.

(Sentencing Tr. 10:12–18, July 5, 1994.)

At the time of Cook's sentencing, in 1994, the jury did not have to make a finding regarding drug quantity. *United States v. Webb*, 255 F.3d 890, 894 (D.C. Cir. 2001). Instead, "standard practice in the district court was for the judge at sentencing, rather than the jury at trial, to make the necessary findings about drug quantity and prior conviction." *Id.* As a result, Judge Harris followed the law as it existed in 1994 and sentenced Harris accordingly, applying the relevant statutory minimum sentence of 240 months.

Petitioner is correct that if he were sentenced today, he would be entitled to have a jury determine the drug quantity. *United States v. Booker*, 543 U.S. 220, *Blakely v. Washington*, 542 U.S. 961, *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The *Apprendi* line of cases has mandated that the defendant has a right "to have the jury find the existence of any particular fact that the law makes essential to his punishment." *Booker*, 543 U.S. at 232 (2005). Indeed, the amount of drugs attributable to Cook was essential to his punishment in this case. Nevertheless, Cook cannot obtain relief because it is settled law in this Circuit that *Booker* is not retroactive. *United States v. Branham*, 515 F.3d 1268, 1278 (D.C. Cir. 2008); *In re Fashina*, 486 F.3d 1300, 1303 (D.C. Cir. 2007).

It is true that the modifications to the sentencing guidelines for crack offenses have been given retroactive effect. However, those guidelines have also made clear that the retroactive effect of the guidelines does not constitute a "full resentencing" of the defendant[3]; as such, §

---

[3]Section 1B1.10(a)(3), which became effective on March 3, 2008, provides:

(3)   Limitation–Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

3582(c)(2) does not give the defendant an opportunity to challenge other aspects of his sentence (such as to assert rights recognized in *Booker*).

As a result, after rejecting the petitioner's faulty assumption that Judge Harris had a "mistaken belief" about the statutory minimum, it becomes clear that petitioner is not entitled to relief. Judge Harris made findings as to drug quantity during Cook's sentencing in 1995, pursuant to the law at that time. His findings made Cook subject to a statutory minimum of a 20 year sentence. The guidelines did not apply to Cook because the guideline range was lower than the statutory minimum for his offense. If the guidelines did not apply in the first instance, a retroactive revision of the guidelines does not affect Cook because 18 U.S.C. § 3582(c)(2) "confers no power on the district court to reduce a minimum sentence mandated by statute." *United States v. Dimeo*, 28 F.3d 240, 241 (1st Cir. 1994). *See also United States v. Profeta*, No. 01-3030, 2001 WL 1488668, at *1 (D.C. Cir. 2001) (per curiam); *United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997); *United States v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997); *United States v. Marshall*, 95 F.3d 700, 701 (8th Cir. 1996); *United States v. Pardue*, 36 F.3d 429 (5th Cir. 1994); *United States v. Hanlin*, 48 F.3d 121, 124-25 (3d Cir. 1995). The Court has no power to modify Cook's sentence under § 3582(c)(2) and therefore his motion will be denied.

Of course, were the Court to hold otherwise it would be improperly considering "extraneous resentencing issues" under § 3582(c)(2) and would also be allowing Cook to "bypass the non-retroactivity of *Apprendi* and [*Booker*]." *See United States v. Saurez*, 260 Fed. Appx. 224, 225-26 (11th Cir. 2007) (unpublished) (denying defendant's attempt to invoke *Booker*

through a § 3582(c)(2) motion).[4] Cook has already filed a 28 U.S.C. § 2255 motion,[5] and, as stated above, § 3582(c)(2) is explicit in its pronouncement that it is not meant to give a defendant an additional opportunity to attack his conviction in full.

## IV.   CONCLUSION

Petitioner was given the statutory minimum sentence for the offense of unlawful possession with intent to distribute more than 50 grams of crack. As a result, the sentencing guidelines do not apply to his sentence. This Court is without the power to reduce his sentence through a § 3582(c)(2) motion. Accordingly, petitioner's motion will be DENIED.

A separate order shall issue this date.

SO ORDERED.

_____          11/25/08
Chief Judge Royce C. Lamberth                Date

---

[4]Other federal courts agree that a defendant cannot retroactively invoke *Booker* through a § 3582(c)(2) motion. *See, e.g., Cortorreal v. United States*, 486 F.3d 742, 744 (2d Cir. 2007); *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006). Petitioner has not pointed to any cases that reach a contrary result.

[5]Cook's § 2255 motion was denied by the trial court, *United States v. Cook*, 130 F. Supp. 2d 43 (D.D.C. 2000) and that decision was affirmed by the D.C. Circuit, *United States v. Cook*, 22 Fed. Appx. 3 (D.C. Cir. 2001).