UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JAN  2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.  ) | Criminal Case No. 93-365 (RCL) |
| ) | |
| DERRICK COOK, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM OPINION

## I.   INTRODUCTION

Now before the Court comes defendant Cook's motion [95] for the Court to reconsider its November 25, 2008 ruling, which denied his motion to reduce his sentence pursuant to 18 U.S.C. § 3582. The defendant's motion will be denied.

## II.   ANALYSIS

In his motion for reconsideration, the defendant attempts to distinguish the cases cited by this Court in its memorandum opinion by stating that in those cases "the applicable guideline range had not been reduced and the court had no authority under § 3582. Here, however, the applicable guideline range has been reduced." (Def.'s Mot. for Reconsideration 2.) The defendant flatly mischaracterizes the posture of the case; as stated in the memorandum opinion, Cook's applicable guideline range was *not* reduced because he was sentenced pursuant to a statutory minimum sentence, not the sentencing guidelines.[1] After that fact is straightened out,

---

[1] In its memorandum opinion of November 25, 2008, this Court stated that "[t]he [sentencing] guidelines did not apply to Cook because the guideline range was lower than the

by the defendant's own admission his motion for reconsideration has no merit because this Court lacks the authority to reduce his sentence.

Since the Court has no authority to reduce the defendant's sentence, the defendant's discussion of whether *Booker* would apply to a § 3582(c)(2) reduction is entirely irrelevant. Nevertheless, the defendant disputes the Court's statement that *Booker* would not apply to a § 3582(c)(2) at considerable length, citing *United States v. Hicks,* 472 F.3d 1167, 1170 (9th Cir. 2007); *United States v. Ragland,* 568 F. Supp. 2d 19 (D.D.C. 2008) (Friedman, J.); and *United States v. Reid,* No. 04-415, 2008 WL 4826062 (D.D.C. Nov. 6, 2008) (Kessler, J.). This Court has no occasion to revisit the reasons it has already given in holding that *Booker* would not apply to a sentencing reduction under § 3582(c)(2) (*See* November 25, 2008 Mem. Op. [94] at 4–6); the Court will only add that in the time since that decision the Tenth Circuit has concurred in holding that *Booker* does not apply to a § 3582 reduction.[2]

### III. <u>CONCLUSION</u>

---

statutory minimum for his offense. If the guidelines did not apply in the first instance, a retroactive revision of the guidelines does not affect Cook because 18 U.S.C. § 3582(c)(2) confers no power on the district court to reduce a minimum sentence mandated by statute." (Docket entry [92] at 5.) (citing cases).

[2] In one portion of the opinion, the Tenth Circuit states: "[T]he Sixth Amendment concerns that gave rise to the *Booker* decision will not be replicated in sentence modification proceedings. Given the narrow scope of sentence modification proceedings, there is no concern that a district court in such a proceeding will make factual findings that in turn will raise a defendant's sentence beyond the level justified by 'the facts established by a plea of guilty or a jury verdict . . . .' *Booker*, 543 U.S. at 244. Indeed, a district court in a sentence modification proceeding is authorized only to 'reduce the [originally imposed] term of imprisonment, 18 U.S.C. § 3582(c)(2), not to increase it. As a result, we conclude that *Booker* simply has no bearing on sentencing modification proceedings conducted under § 3582(c)(2)." *United States v. Rhodes,* 549 F.3d 833, 840 (10th Cir. 2008).

Cook was not sentenced pursuant to the sentencing guidelines but was instead correctly sentenced pursuant to a statutory minimum sentence. Accordingly, the Court has no power under 18 U.S.C. § 3582(c)(2) to modify his sentence. As a result, the defendant's discussion of *Booker* is irrelevant.[3] The defendant's motion for reconsideration will be DENIED.

A separate order shall issue this date.

SO ORDERED.

_____        1/23/09
Chief Judge Royce C. Lamberth        Date

---

[3] Even the law cited by defendant states that "[i]t is completely uncontroversial to note that *Booker* is not itself *grounds for* a Section 3582(c) motion for a reduction in sentence . . . ." *United States v. Ragland*, 568 F. Supp. 2d 19, 22 (D.D.C. 2008) (Friedman, J.).